1  Phu D. Nguyen (SBN 187966)
   Josh Strand (SBN 415469)
2  David Dang (SBN 304001)

3  DO PHU & ANH TUAN, PLC
   A Professional Law Corporation
4  10517 Garden Grove Blvd.
   Garden Grove, CA 92843
5  Tel (714) 590-1700, Fax( 714) 590-7868

6  Attorneys for Defendant and Counter-Claimant,
   BH Media, a Vietnam Corporation

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAU DZUONG (a.k.a. Andy Thanh), an individual; dba BLUE OCEAN MUSIC, a California Sole Priority,<br><br>Plaintiff,<br><br>vs.<br><br>OANH TRAN, an individual; BH MEDIA, a Vietnam Corporation incorporated in Hanoi, Vietnam and DOES 1 to 10, inclusive,<br><br>Defendants. | Case No.: 8:17-cv-00953-JVS-KES<br><br>**DEFENDANT AND COUNTER-CLAIMANT BH MEDIA'S FIRST AMENDED COUNTERCLAIM**<br><br>Complaint Filed: June 14, 2017 |
| BH MEDIA, a Vietnam Corporation incorporated in Hanoi, Vietnam,<br><br>Counter-Claimants,<br><br>vs.<br><br>HAU DZUONG (a.k.a. Andy Thanh), an individual; dba BLUE OCEAN MUSIC, California Sole Priority, and DOES 1 TO 20, inclusive,<br><br>Counter-Defendants. | |

//
//
//

Defendant and Counter-Claimant BH Media, a Vietnam corporation, by and through counsel, hereby Counterclaims against Plaintiff Hau Dzuong (a.k.a. Andy Thanh) dba Blue Ocean Music (hereinafter referred to as "Counter-Defendants"), as follows:

## DEFENDANT'S COUNTERCLAIM

### PARTIES

1. Binh Nguyen is an individual residing in Vietnam and is the President of BH Media.

2. BH Media is a Vietnamese Corporation incorporated in Hanoi, Vietnam.

3. Plaintiff and Counter-Defendant Hau Dzuong (hereinafter "Counter-Defendant") is the Manager of Blue Ocean Music, Inc., and is an agent authorized to act on its behalf. Counter-Claimants are informed and believes that Counter-Defendant is the sole proprietor of Blue Ocean Music.

4. The true names and capacities, whether individual, corporate, associate, or otherwise, of Counter-Defendants sued herein as Does 1 through 20, are unknown to Counter-Claimants, who therefore sue said Counter-Defendants by such fictitious names, "Doe Counter-Defendants. Counter-Claimants will seek leave of Court to amend this counterclaim to state their true names and capacities when they have been ascertained. Counter-Claimants are informed and believes that Doe Counter-Defendants are liable to Counter-Claimants as a result of their participation in all or some of the acts hereinafter set forth.

### JURISDICTION AND VENUE

5. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101, et seq.

6. This Court has subject-matter jurisdiction over this action pursuant to 17 U.S.C. § 101, et seq.; 28 U.S.C. § 1331; 28 U.S.C. § 1338(a); and 28 U.S.C. § 1367(a).

7. Counter-Defendants are subject to the personal jurisdiction of this Court and venue is proper in this District under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a) in that the acts complained of herein occurred in this District and Counter-Defendants resides, may be found, and/or transacts business in this District.

8. Vietnam and the United States of America (the "U.S.") are both signatories to the

Berne Convention for the Protection of Literary and Artistic Works (the "Berne Convention"). *See*, Exhibit "**A**", List of Berne Convention Signatories. (https://copyrighthouse.co.uk/copyright/countries-berne-convention.htm).

9. The parties are bound and the acts as alleged in the Complaint and the First Amended Counterclaim are governed by the Berne Convention.

10. The Berne Convention requires the parties to treat the copyright of works of other parties to the convention (i.e., members of the "*Berne Union*") at least as well as those of its own nationals.

11. During the period from the beginning to the end of 2018, Plaintiff illegally and/or unlawfully acquired and aired or caused to air on his Youtube channel(s) certain works that are/were owned and/or registered to Defendants. *See*, Exhibits "**B**", "**C**", "**D**".

12. Pursuant to the Berne Convention, Vietnam is the country of origin.

13. Also pursuant to the Berne Convention, Vietnamese copyright law applies to all the copyrights that were alleged to have been infringed upon in the Complaint and Counterclaim. *See*, Exhibit "**E**", ***Vietnam Intellectual Property Law, adopted by the National Assembly on November 29, 2005 and entered into force on July 1, 2006***; Exhibit "**F**", ***Cinematography Law, as passed on June 29, 2006, by the XIth National Assembly of the Socialist Republic of Vietnam at its 9th session***; Exhibit "**G**", ***Decree on Cinematographic Organizations and Activities, No. 48-CP, as decreed on July 17, 1995***.

14. At no time have Plaintiffs/Counterdefendants filed and/or registered and/or sought the approval or permission any ministry or governmental entity of the Socialist Republic of Vietnam with regard to any of the copyrights he claimed to have been violated by the Plaintiff/Counterclaimants in his Complaint.

15. At all times and with regard to all acts alleged in the Complaint, Plaintiffs/Counterdefendants have failed to comply with the laws and regulations of Vietnam, as he is required to do pursuant to the Berne Convention and the laws as enunciated in Exhibits "**B**"-"**G**".

//
//

## STATEMENT OF FACTS

16. Bach Tuyet Tran is a sole proprietor and owned all the legal rights and titles to all videos and products produced and distributed by Apple Films Productions, Inc. and Mua Hong Music Productions, Inc.

17. On or about May 5, 2017, Bach Tuyet Tran (hereinafter "Tran") and Counter-Claimant entered into a copyright transfer agreement in Hanoi, Vietnam.

18. The agreement effectively transfers all of Tran's copyright ownership rights that she had initially owned to Counter-Claimant. A copy of the agreement, an English translation, a declaration from Bach Tuyet Tran and a list of the copyrighted works from Apple Films are attached as **Exhibit "1"**.

19. The transfer included the rights to publish the works or allow others to publish the works; to distribute and/or import the originals or copies of the works, to disseminate the works or their copies to the public by wire or wireless, electronic networks or any technical means, to copy the works, to make derivative works and other rights permitted by law. The works are hereinafter referred to as "The Copyright Works from Apple Films."

20. At a certain time before the agreement was executed, Counter-Defendants entered into an agreement with Tran.

21. The agreement between Counter-Defendants and Tran allowed Counter-Defendants to publish The Copyright Works from Apple Films on YouTube. In return, Counter-Defendants had to pay an unspecified amount to Tran each month.

22. Before the agreement between Tran and Counter-Claimant was entered, Counter-Defendant had ceased making the required monthly payments to Tran.

23. As per the agreement, Counter-Defendant no longer has any license, authorization, permission or consent to use and publish The Copyright Works from Apple Films when he ceased making the required payments, but has continued to try to publish the Copyright Works.

24. In addition to The Copyright Works from Apple Films, Counter-Claimant purchased the license to publish works from a number of other parties.

25. On or about June 11, 2016, Counter-Claimant entered into a copyright transfer

agreement with Saigon Media Joint Stock Company. Attached as **Exhibit 2** are the transfer agreement and an English translation of the agreement.

26. On or about October 25, 2016, Counter-Claimant entered into a copyright transfer agreement with Saigon Cultural Products Joint Stock Company. Attached as **Exhibit 3** are the transfer agreement and an English translation of the agreement.

27. On or about October 14, 2016, Counter-Claimant entered into a copyright transfer agreement with Binh Minh Productions, Co., LTD. Attached as **Exhibit 4** are the transfer agreement and an English translation of the agreement.

28. On or about June 6, 2017, Counter-Claimant entered into a copyright transfer agreement with K&H Performing Arts Services & Trading Co., LTD. Attached as **Exhibit 5** are the transfer agreement and an English translation of the agreement.

29. On or about June 22, 2016, Counter-Claimant entered into a copyright transfer agreement with MV Productions, LLC. Attached as **Exhibit 6** are the transfer agreement and a declaration from Vicky Nguyen regarding the transfer.

30. On or about June 29, 2018, Counter-Claimant entered into a copyright transfer agreement with Chau Productions. Attached as **Exhibit 7** is the copyright transfer agreement, an English translation of the agreement, and a list of the **Purchased Copyrights.**

31. On or about January 24, 2018, Counter-Claimant entered into a copyright transfer agreement with Lang Van, Inc. Attached as **Exhibit 8** is a copy of the Partnership/Transfer Agreement.

32. Attached as **Exhibits B, C, D** is a list of videos that Counter-Claimants have a license to publish.

33. On or about June 2, 2017, Counter-Defendant filed a complaint against Counter-Claimant for alleged copyright infringement of videos posted on YouTube.

34. Counter-Claimant has complied with all valid copyright laws from Vietnam and under the Vietnam - United States bilateral Copyright Agreement. Attached as **Exhibits B, C, D** are the Copyright Registrations.

35. All of the copyright works that are alleged under this Counterclaim and are licensed,

or owned by Counter-Claimants and are referred collectively as the "Copyrighted Works."

36. Counter-Defendants have used and posted the videos of the Copyrighted Works on his Youtube account without the Counter-Claimant's permission and/or authorization and without any compensation to Counterclaimant.

37. All of the violations that provide the factual basis for the counterclaims as alleged in the proposed First Amended Counterclaim were registered and/or copyrighted in or around 2018 and arose during this time period.

## COUNT ONE

## COPYRIGHT INFRINGEMENT

## (17 U.S.C. § 106 and 501)

### (By Counter-Claimant against all Counter-Defendants)

38. Counter-Claimant hereby incorporates the allegations contained in paragraphs 1 through 26 for this Count.

39. Through Counter-Defendants' conduct alleged herein, Counter-Defendant has infringed on Counter-Claimant's copyright in the Copyrighted Works in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. § 106 and 501.

40. Counter-Defendants' acts of infringement are willful, intentional and purposeful, in disregard of and with indifference to Counter-Claimant's rights. At a minimum, Counter-Defendant acted in reckless disregard of Counter-Claimant's copyright.

41. As a direct and proximate result of said infringement by Counter-Defendant, Counter-Claimants are entitled to damages in an amount to be proven at trial.

42. As a result of the copyright infringement, Counter-Claimants suffered, and will continue to suffer, substantial damages to its professional reputation and goodwill, as well as losses in an amount not yet ascertained. In addition to Counter-Claimant's actual damages, Counter-Claimant is also entitled to receive the profits made by Counter-Defendants from their wrongful acts pursuant to 17 U.S.C. § 504. In the alternative, Counter-Claimant is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), which should be enhanced by 17 U.S.C. § 504(c)(2) because of Counter-Defendants' willful copyright infringement.

43. Counter-Claimant is further entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505 and otherwise according to law.

44. As a direct and proximate result of the foregoing acts and conduct, Counter-Claimant has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Counter-Claimant is informed and believes on that basis that unless enjoined and restrained by this Court, Counter-Defendants will continue to infringe Counter-Claimant's rights in the infringed Copyrighted Works. Counter-Claimant is entitled to preliminary and permanent injunctive relief to restrain and enjoin Counter-Defendant's continuing infringing conduct.

## DEMAND FOR JURY TRIAL

1. Counter-Claimant hereby demands a Jury Trial.

## PRAYER FOR RELIEF

WHEREFORE, Counter-Claimant prays for judgment against Counter-Defendants, and each of them, jointly and severally, as follows:

1. That Counter-Defendants, and their agents, servants, employees, and attorneys, and each of them, and all persons acting in concert and participation with them, be enjoined and restrained during the pendency of the action and permanently thereafter from infringing any and all of the Copyrighted Works.

2. That Counter-Defendants be required to pay Counter-Claimants such damages as Counter-Claimants have sustained or will sustain by reason of Counter-Defendants' conduct, and to account for all gains, profits, and advantages deprived by Counter-Defendants from such conduct, or in lieu thereof, such statutory damages as the Court shall deem proper within the provisions of the Copyright Act, including but not limited to damages for willful infringement of copyright under 17 U.S.C. § 504(c).

3. That the Court declares, adjudges, and decrees that Counter-Defendants have been and are an involuntary and constructive trustee, holding the gross receipts from the unauthorized use of the Copyrighted Works, from the broadcast, recording, streaming, or other exploitation and that Counter-Defendants hold all such monies and funds on behalf of and subject to a first and

1 | prior lien against all others in favor of Counter-Claimant.

2 |     4.    That all items which infringe upon Counter-Claimant's copyrights be impounded, surrendered up and forfeited to Counter-Claimant for destruction.

    5.    That Counter-Defendants pay to Counter-Claimant the reasonable attorney's fees and costs incurred in connection with the prosecution of this action.

    6.    For interest on all amounts found to be due to Counter-Claimant from Counter-Defendants, at the greatest rate allowed by law, from the date said amounts or any part thereof became or becomes due.

    7.    For such other and further relief as the Court may deem just and proper.

Dated: 2/7/19

DO PHU & ANH TUAN, APC

David Dang
Josh Strand
Phu Do Nguyen
Attorneys for Defendants and
Defendant/Counterclaimant,
**BH MEDIA, a Vietnam corporation**

DEFENDANTS AND COUNTER-COMPLAINANTS OANH TRAN AND BH MEDIA'S FIRST AMENDED COUNTERCLAIM    8