UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **SACV 17-00953-JVS(KESx)** | Date | February 27, 2019 |
| Title | Andy Thanh v. Oanh Tran, et al | | |

| | |
|---|---|
| Present: The Honorable | James V. Selna |

| | |
|---|---|
| Lisa M Bredahl | Sharon Seffens |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   **(IN CHAMBERS)  <u>Order Regarding Motion to Withdraw</u>**

**The Court, having been informed by plaintiff's counsel in this action that they submit on the Court's tentative ruling previously issued, hereby GRANTS IN PART the Plaintiff's motion to withdraw [Dkt 206] rules in accordance with the tentative ruling as follows:**

Counsel for Plaintiff Hau Dzuong ("Mr. Berstein") filed a motion to withdraw as attorney.  (Mot., Docket No. 206.)  Defendants Oanh Tran and BH Media ("Defendants") opposed in part to the extent that the motion sought to reschedule Defendants' Motion to Permit the Filing of their Counterclaim (Docket No. 205) and continue any immediate deadlines to give Plaintiff an opportunity to seek counsel.[1]  (Opp'n, Docket No. 207.)

For the following reasons, the Court **grants in part** the motion to withdraw.

### I. BACKGROUND

The factual background and procedural history of this case are well known to the parties and the Court.  The Court only describes the background as relevant to the present motion.  Prior to the filing of the motions at issue in this Order, Plaintiff represented himself *pro se*.  (Mot., Docket No. 187 at 1.)

On June 25, 2018, Defendants filed their Motion for Summary Judgment ("MSJ").

---

[1] The Court has already granted Defendants' Motion to Permit the Filing of their Counterclaim and the motion was unopposed.  (Order, Docket No. 208.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 17-00953-JVS(KESx) | Date | February 27, 2019 |
| Title | Andy Thanh v. Oanh Tran, et al | | |

(Mot., Docket No. 157.) Plaintiff opposed the motion, but did not file a motion for leave to withdraw the deemed admissions. (Opp'n, Docket No. 168 at 2–3; Order, Docket No. 190-1 at 4.) The Court granted the MSJ because Plaintiff's untimely response to RFA 1 was an admission that Plaintiff could not prove an essential element of his claim. (Order, Docket No. 180-1 at 4.)

Following the grant of summary judgment, Berstein began representing Plaintiff in this action. (Substitution of Attorney, Docket No. 185.) Mr. Berstein filed several motions on behalf of Plaintiff, both of which were granted and resulted in Plaintiff's relief from summary judgment and withdrawal of admissions. (Order, Docket No. 199.) Mr. Berstein now seeks an order from the Court allowing him to withdraw as counsel in this action. (Mot., Docket No. 206.)

## II. Legal Standard

Local Rule 83-2.3.2 provides that an attorney may withdraw as counsel only with leave of the court. The California Rules of Professional Conduct authorize withdrawal when the client "renders it unreasonably difficult for the lawyer to carry out the representation effectively." Cal. R. Prof. Conduct 1.16(b)(4). "The determination whether to grant or deny an attorney's motion to withdraw as counsel of record lies within the sound discretion of the trial court, having in mind whether such withdrawal might work an injustice in the handling of the case." Lempert v. Super. Ct., 112 Cal. App. 4th 1161, 1173 (2003). "A motion for leave to withdraw must be made upon written notice given reasonably in advance to the client and to all other parties who have appeared in the action." L.R. 83-2.3.2. "Unless good cause is shown and the ends of justice require, no substitution or relief of attorney will be approved that will cause delay in prosecution of the case to completion." L.R. 83-2.3.5.

## III. Discussion

Courts often weigh four factors in determining whether to grant or deny a motion to withdraw as attorney. These factors include the following: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." Huntington Learning Centers, Inc. v. Educ. Gateway, Inc., No. CV 09-3200PSG(VBKX), 2009 WL 2337863, at *1 (C.D. Cal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **SACV 17-00953-JVS(KESx)** | Date | February 27, 2019 |
| Title | Andy Thanh v. Oanh Tran, et al | | |

July 28, 2009) (citing <u>Irwin</u> v. <u>Mascott</u>, No. 97-4737, 2004 U.S. Dist. LEXIS 28264, at *3 (N.D.Cal. Dec. 1, 2004).

     Here, Mr. Berstein indicates that good cause exists because "[t]he attorney-client relationship has been irreparably broken due to the continuing conduct of Plaintiff . . . in both : (1) failing to meet his contractual obligations to Withdrawing Counsel and (2) failing to provide necessary information and documentation in the course of representation." (Mot., Docket No. 206 at 3.) Since, "a lawyer may withdraw from representing a client if . . . the client . . . renders it unreasonably difficult for the lawyer to carry out the representation effectively," Mr. Berstein argues that the Court should permit him to withdraw because he cannot represent Plaintiff effectively without the requested documentation. <u>See</u> Cal. R. Prof. Conduct 1.16(b)(4).

     Defendants' opposition does not indicate any objection to Mr. Berstein's withdrawal; rather, it is limited to opposing Mr. Berstein's requests to reschedule Defendants' motion regarding their counterclaim and to continue immediate deadlines to allow Plaintiff time to seek counsel or proceed pro se. (Opp'n, Docket No. 207 at 1–2.)

     While the Court finds that Mr. Berstein has shown good cause for withdrawal based on the combination of Plaintiff's failure to pay and provide necessary documentation, the Court does not find that there is good cause to continue any immediate deadlines. Plaintiff has already appeared *pro se* in this case before, and Mr. Berstein indicates that he provided repeated warnings to Plaintiff that "his continued refusal to engage in a proper working relationship" would result in his withdrawal as counsel. (Mot., Docket No. 206 at 4.) Thus, the Court **grants in part** the motion to withdraw, but **denies in part** the motion insofar as it requests additional time for immediate deadlines.

//

//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  **SACV 17-00953-JVS(KESx)**                Date  February 27, 2019

Title  Andy Thanh v. Oanh Tran, et al

### IV. CONCLUSION

For the foregoing reasons, the Court **grants in part** Mr. Berstein's motion to withdraw as counsel.

**IT IS SO ORDERED.**

.

                                                                                  :      00
                                                    Initials of Preparer    lmb